The PRESIDENT.
— The judgment of the District Court is erroneous and must be reversed, as must also that of the County Court. The errors in the latter judgment are:
1st, The evidence stated in the exceptions, is wholly insufficient to prove, that the writing obligatory, denied by the plea of Trent to be his act and deed, was such,his deed; a fact which ought to be decided, prior to any judgment against the other obligors.
2d, The court erred, in awarding interest at the rate of twenty per centum per annum from the 1st of November 1784, "till payment upon the principal sum; because the act passed in 1780, which authorises judgments on motions by sheriffs against their deputies, justifies only a gross sum of damages, although called interest on the principal sum (stated in the act to be twenty per cent, the damages to *391 which the sheriff was then liable, but which the court are of opinion ought to be changed to the damages to which the sheriff himself was liable .according to the laws subsisting at the time of the transaction, and which in 1783 and ever since, were a gross sum of fifteen per cent, on the principal sum, and both sums to bear interest at five per cent, per annum till paid, with a power to the court to remit all or any part of the damages,) provided it appear that judgment has been obtained by the commonwealth against the sheriff for such damages.
3d, The law directs the judgment to be entered, for the principal sum with which the under sheriff is chargeable, and the damages; and not for the penalty, to be discharged by such payment; and this being a new law, introducing a new remedy contrary to the course of the common law, ought to be strictly pursued.
And as the record does not enable this court to determine what judgment the County Court ought to have given, the cause must be remanded to that court for further proceedings from the notice.